Wachtler, J. (concurring).
It is evident that the respondent in this case was a trespasser. If I favored continued adherence to the legal ramifications attached to that classification in New York, I would be constrained to reverse in this case (Beauchamp v. New York City Housing Auth., 12 N Y 2d 400, 405). However, for the reasons so well delineated by the California Supreme Court in Rowland v. Christian (69 Cal. 2d 108) I feel the legal classifications of trespasser, guest and invitee, no longer have validity.
In the case at bar, the majority has extended the definition of “ trap ” to include a defective fire escape hanging over the grillwork of a store, 13 feet above the ground. Obviously, any negligently maintained property that later causes injury *822 to a person can, with hindsight, be considered to have been a trap. And if this fire escape is deemed to be a “ trap ” for children, I know of no negligently maintained property in a congested urban area that could not be considered such a trap.
It appears to me that by continuously expanding on the “ exceptions ” to the tripartite classification (supra) this court is slowly moving to a de facto abandonment of a doctrine that I feel should be abolished de jure. Viewing the “ uninvited ” nature of respondent’s entry onto appellant’s property merely as a factor in determining foreseeability, I do not think the jury verdict was improper as a matter of law.*
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Rabin and Stevens concur in memorandum; Judge Wachtler concurs in a separate memorandum.
Order affirmed, with costs.

 Since the jury was charged that respondent was a trespasser, with all the legal ramifications that now attach to such a designation, respondent actually was given a heavier burden than I feel he deserved to bear in this ease. Therefore, I see no reason to order a new trial.